Godlewski v Park Seventy-Ninth Corp. (2021 NY Slip Op 03253)





Godlewski v Park Seventy-Ninth Corp.


2021 NY Slip Op 03253


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 154786/19 Appeal No. 13898N Case No. 2020-03748 

[*1]Michal Godlewski, Plaintiff-Respondent,
v
Park Seventy-Ninth Corp., Defendant-Appellant, Clark Construction Corporation et al., Defendants. [And Other Third-Party Actions]


Hurwitz & Fine, P.C., Melville (Brian F. Mark of counsel), for appellant.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 27, 2020, which granted plaintiff's motion for a default judgment and denied defendant Park Seventy-Ninth Corp.'s cross motion to compel acceptance of its untimely answer, unanimously affirmed, without costs.
In this action seeking to recover damages for injuries sustained in connection with the renovation of an apartment in the subject building, the building owner defendant, Park Seventy-Ninth Corp., does not deny having received service of the summons and complaint pursuant to Business Corporation Law § 306. The bare assertion by defendant's property manager that she forwarded the summons and complaint to the insurance broker, as well as all pleadings and discovery demands subsequently received, is insufficient to constitute a reasonable excuse for Park's extended default in answering the complaint to warrant denial of the motion for a default judgment and relief under CPLR 3012(d) (see Williams v Robinson, 117 AD3d 549 [1st Dept 2014]).
Plaintiff also demonstrated substantial compliance with the additional service requirements under CPLR 3215(g)(4)(ii), and Park does not deny receiving that notice over six months before its belated answer (see State Farm Mut. Auto Ins. Co. v Dr. Ibrahim Fatiha Chiropractic, P.C., 147 AD3d 696 [1st Dept 2017]; Crespo v A.D.A. Mgt., 292 AD2d 5, 10 [1st Dept 2002]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021